IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANA E. ROTH                                                    PLAINTIFF

                    v.                    Civil No. 13-3104

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Dana Roth, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff protectively filed applications for SSI and DIB on July 9, 2010, and October 19, 2010, respectively, alleging an onset date of January 1, 2002, due to chronic pain, discoid lupus erythematosus, depression, and anxiety.  Tr. 223-226, 228-234.  Her applications were denied initially and on reconsideration.  Tr. 11-103.  An administrative hearing was held on August 25, 2011, and an unfavorable decision entered on October 11, 2011.  Tr. 122.  The Appeals Council granted Plaintiff's request for review on December 15, 2011, and the case remanded for further consideration.  Tr. 104-106.  A supplemental hearing was held on June 15, 2012.  Tr. 40-70.  Plaintiff was present and represented by counsel.

AO72A
(Rev. 8/82)

Plaintiff was 48 years old and possessed the equivalent of a high school education.  Tr. 27, 281, 766.

On September 21, 2012, the ALJ found Plaintiff's fibromyalgia and cognitive disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 17-18.  The ALJ concluded that Plaintiff was disabled as of January 24, 2012.  However, after partially discrediting her subjective complaints, he concluded that prior to January 24, 2012, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except could only occasionally climb, balance, stoop, kneel, crouch, and crawl.  Tr. 18.  Further, could understand, remember, and carry out simple, routine, and repetitive tasks; respond to supervision that was simple, direct, and concrete; and occasionally interact with co-workers, supervisors, and the public.  With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a clerical worker and sorter.  Tr. 28.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 15, 2013.  Tr. 1-5.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.   ECF Nos. 11, 12.

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d

2

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520, 416.920 (2003).

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's determination that Plaintiff's disability began on January 24, 2012. As defined in the Act and the regulations, the onset date of disability is the first day an individual is disabled. Social Security Regulation ("SSR") 83-20. Factors relevant to the determination of disability onset include the individual's allegation, the individual's work history, and the medical evidence. *Id.* The individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence.

In the present case ,the ALJ concluded that the Plaintiff was disabled as of January 24, 2012. He admits that he based this onset date off of the RFC assessment completed by Dr. Simon Abraham on this date. Tr. 758-762. However, Dr. Abraham indicated that he had been treating Plaintiff since June 2011. Tr. 758. And, the evidence reveals that the Plaintiff's condition deteriorated before January 2012.

In October 28, 2010, Plaintiff established care with Dr. Adam Wozniak. Tr. 638-639. She complained of fibromyalgia, severe enough to stop her real estate career. A physical exam was positive for myalgias. Dr. Wozniak diagnosed Plaintiff with myalgia and myositis, pain in joint involving multiple sites, and migraine headaches. He prescribed no medication, as she was receiving Neurontin and Norco from Dr. Sakr. However, in November 2010, Dr. Wozniak

4

prescribed Flexeril and increased her dosages of Norco and Neurontin.   Tr. 709-710.   He provided monthly refills thereafter.

In October 2010, Plaintiff was referred to pain specialist, Dr. Merheb Hicham for "pain all over and in every joint."   Tr. 587-590.   Plaintiff indicated that she had taken a lot of medication for her fibromyalgia (Lyrica, Neurontin, Clavil, and Cymbalta) and had even tried her father's Percocet to no avail.   An examination revealed lumbosacral pain with rotation to the right and left and positive trigger points at the occipital muscle, supraspinatus muscle, trapezius muscle, gluteal muscles, greater trochanter, anterior lower cervical region, second costochondral junction, lateral epicondyle, and medial knee.   Dr. Hicham diagnosed Plaintiff with fibromyalgia and restricted her from lifting and performing overhead activities.   It appears she was prescribed Flexeril and Percocet.

Plaintiff conferred with neurologist, Dr. Bruce Robbins in May 2011 regarding her pain, numbness, and weakness in all extremities and headaches.   Tr. 715-717.   His examination revealed mild dysmetria with finger-to-nose, moderate wasting of the median and ulnar innervated hand muscle, decreased strength with dorsiflexion of the left great toe, a very strong withdrawal reflex, and a positive tandem.   Nerve conduction studies revealed some evidence of compression neuropathy with wasting of the ulnar and medial innervated hand muscles. Dr. Robbins diagnosed Plaintiff with severe ataxia coupled with +4 knee jerks compared to +1 to +2 reflexes in the upper extremity which indicated probable spinal cord myelinolysis; neck pain likely secondary to cervical spondylosis; pain, numbness, and weakness in all extremities; and, headaches with a vascular component.

5

An MRI of Plaintiff's cervical spine conducted in late May 2011 revealed some degenerative disease, particularly at the C5-6 and C6-7 levels with spur formation and scoliosis of the upper thoracic spine.  Tr. 718.  However, there was no apparent central canal or neuroforaminal stenosis.

On July 5, 2011, Plaintiff was examined by Dr. Phillip Bufford.  Tr. 719-724.  She reported headaches, neck pain and stiffness, muscles aches with pain localized to one of more joints, joint stiffness, anxiety, depression, and sleep disturbances.  An examination revealed abnormal muscle movement of all extremities with decreased range of motion in the bilateral shoulders, elbows, and knees and joint tenderness. Dr. Bufford diagnosed peripheral neuropathy, fibromyalgia, fatigue, depression, cervical pain, systemic lupus, chronic pain syndrome, and nausea secondary to medications.

On July 21, 2011, Dr. Robbins again diagnosed ataxia of gait, neck pain, headaches, and pain, numbness, and weakness in all extremities.  He prescribed Gaba, Flexeril, and Hydrocodone.  Tr. 725-726.  Her symptoms continued, and on August 18, 2011, Dr. Robbins prescribed a light weight wheelchair.  Tr. 741.

On December 21, 2011, Dr. Robbins treated Plaintiff for pain, numbness, and weakness in all of extremities.  Tr. 746.  Headaches and neck pain were also reported.  Dr. Robbins diagnosed her with ataxia of gait (decreased balance), neck pain, and pain, numbness, and weakness in all extremities.  He prescribed Reglan, Gaba, Nuvigil, and Flexeril, and imposed restrictions to include limited walking and no manual work.

6

This same date, Dr. Robbins wrote a letter to Dr. Abraham voicing his belief that the Plaintiff was disabled secondary to ataxia.  Tr. 763.  He indicated that she was having "a lot of problems with her legs" of unknown etiology.

Accordingly, after reviewing all of the evidence of record, the undersigned does not find substantial evidence to support the onset date alleged by the ALJ.  On remand, the ALJ is directed to recontact Dr. Robbins and Plaintiff's other treating physicians for guidance as to an accurate onset date.

**IV.** **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of December 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)